UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARTHUR LEVON BELTON,

    Plaintiff,

v.                                                Case No. 3:20cv35-MCR-HTC

JOSE PEREIRA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Arthur Belton, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). From a review of the complaint, the undersigned finds that Plaintiff's claims are barred by the applicable statute of limitations. Additionally, Plaintiff failed to disclose his complete litigation history. Accordingly, the undersigned recommends this action be dismissed without prejudiced pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 1915A.

I.     BACKGROUND

Belton, a prisoner currently confined at Graceville Correctional Facility, sues one defendant: Okaloosa County Deputy Jose Pereira.  The complaint sets forth the factual allegations which follow, the truth of which are accepted for purposes of this Report and Recommendation.  ECF Doc. 1.

On April 17, 2015, Belton, an African-American, was driving his wife's red "Dodge Nitos," when he noticed a police car parked by the side of Highway 98 with his emergency lights off.  The policeman was identified as "Okaloosa County Sherriff Officer" Jose Pereira.  Pereira followed Belton's vehicle about two miles, then pulled up alongside Belton's vehicle and "gazed intently at the plaintiff['s] face, at this time, the plaintiff was pulled [over] by the defendant."  Pereira "did not decide to pursue and stop the plaintiff until he had a chance to observe the Plaintiff['s] race."  Belton claims he did not commit any traffic violations in Pereira's presence.  Belton alleges his race "played part [in] the decision to initiate the stop."  Belton states the initial traffic stop was for driving without lights on, but he never received a citation for that offense or for speeding, "which the Court dismiss[ed]."  Belton mentions he was arrested and detained on charges that he was driving under the influence and with his driver's license suspended.

Belton claims Pereira's actions violate the Equal Protection Clause and that he "will provide evidence that he was treated differently from others who are

similarly situated . . . and that the acts forming the basis of the plaintiff's claim were motivated by a discriminatory purpose." Additionally, Belton claims he has a due process right "not to be deprived of liberty as a result of fabrication of evidence by a government officer acting in an investigating capacity." Belton claims his rights under the Fourth Amendment and Equal Protection Clause were violated because the traffic stop and arrest were made "on account of his race and without probable cause." As relief, Belton seeks $500,000 for "past pain" and $2,500,000 for "future pain and suffering."

## II.   LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (requiring screening based on the same standards for any action brought by a prisoner against a governmental entity or employee). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

Under § 1915(e)(2)(B), this Court may, prior to service, dismiss a prisoner's complaint as time-barred if it "appears beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." *Hughes v Lott*, 350 F.3d 1175, 1163 (11th Cir. 2003). In other words, dismissal is appropriate where the record fails to disclose any facts that would support tolling the statute of limitations. *See Joseph*, 196 F. App'x at 761.

### III.  DISCUSSION

**A. Plaintiff's Constitutional Claims Are Barred by the Statute of Limitations**

As stated above, Plaintiff purports to bring this action against Defendant under 42 U.S.C. § 1983. Section 1983 has no statute of limitations of its own. *See Joseph v. State Mut. Life Ins. Co., of* America, 196 F. App'x 760, 761 (11th Cir. 2006). Instead, the statute of limitations for a § 1983 action is governed by the statute of limitations for a personal injury case in the state where the cause of action arose, which in this case is Florida. *See id.*; *see also, Salley v. Goldston*, 727 F. App'x 981, 984 (11th Cir. 2018). Under Florida law, the applicable statute of limitations is four (4) years. *See Ellison v. Lester*, 275 F. App'x 900, 901–02 (11th Cir. 2008) (applying the four-year statute of limitations under Fla Stat. § 95.11(3) to § 1983 claims arising in Florida); *see also Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985.").

Although Florida law determines the statute of limitations, when the statute of limitations begins to run is determined by federal law. *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The Eleventh Circuit has held that the period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *See Joseph*, 196 F. App'x at 761, quoting *Brown v. Ga. Bd. Of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). More specifically, with regard to a cause of action under 42 U.S.C. § 1983, the statute of limitations begins to run when a plaintiff knows or should know: "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283.

Belton was arrested on April 17, 2015. That is the date that the alleged constitutional violation occurred. Belton, thus, should have filed this case by April 17, 2019. Belton, however, did not file this suit until January 6, 2020, when he delivered his complaint to prison officials. ECF Doc. 1. Thus, based on the face of his complaint, his claims are barred by the statute of limitations.

Additionally, a dismissal is appropriate here because the record shows that Belton would not be able to present any facts to show that he is entitled to equitable tolling. This is so because on November 27, 2017, Plaintiff filed a similar action against Pereira and other defendants, arising out of the same arrest. *See Belton v.*

Case 3:20-cv-00035-MCR-HTC   Document 4   Filed 01/24/20   Page 6 of 11

Page 6 of 11

*Pereira, et al.*, 5:17-cv-291-MCR-CJK. Attached to Plaintiff's amended complaint in that case is the arrest report for the April 17, 2015 traffic stop, which identifies Pereira as the arresting officer.

In the 2017 case, Plaintiff alleged that his arrest, indictment and ultimate conviction were "unlawful due to the lack of a 'uniform traffic citation form on file with the circuit court' establishing probable cause for the initial traffic stop." ECF Doc. 19 at 2 (in *Belton v. Pereira, et al.*, 5:17-cv-291-MCR-CJK). That 2017 case was dismissed for failure to state a claim. ECF Doc. 19, Report and Recommendation, adopted by Order at ECF Doc. 23 (in *Belton v. Pereira, et al.*, 5:17-cv-291-MCR-CJK). This Court may take judicial notice of Plaintiff's prior action as well as the arrest report in determining whether to dismiss this action. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014).

Based on the 2017 case, it is clear that Plaintiff will be unable to present any facts to warrant a tolling of the statute of limitations. Also, because Plaintiff's claims arising out of the 2015 arrest are time-barred, allowing Plaintiff leave to amend prior to dismissal would be futile. *See Salley*, 727 F. App'x at 985 ("[t]o the extent any amendment would have been based on the same allegations and claims, leave to amend would have been futile because those claims would be barred by the statute of limitations"), citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## B. Failure to Disclose Prior Litigation

Additionally, the undersigned recommends a dismissal of this case because Belton failed to disclose his complete litigation history.

Section VI of the civil rights complaint form filled out by Belton, titled Previous Lawsuits, asks: "C. Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D.  Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  ECF Doc. 1 at 4 (emphases in original).  The form requires Belton to identify and describe any cases responsive to the questions.

In response to question C, about the filing of any other federal or state law suits, Belton did not disclose any cases.  *Id.*  In response to question D, Belton marked "Yes" and disclosed, *Belton v. Pereira*, *et al.*, 5:17cv291 (N.D. Fla.) (a case which appears to be based on the same general claims as alleged here, and which was dismissed without prejudice for failure to state a claim).  *Id.*

At the end of the complaint, Belton signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE**

**FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**." *Id.* at 7. Thus, Belton has sworn that at the time he filed the complaint, he had not had any other federal cases dismissed as frivolous, malicious, failing to state a claim, or before service, besides the one he disclosed, and had not filed any other federal cases related to the fact or manner of his incarceration. The complaint was signed and submitted to prison officials for mailing on January 6, 2020. *Id.*

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. In light of 28 U.S.C. § 1915(g),[1] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

---

[1] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This three-strikes rule is not the basis for the recommendation of dismissal here because only two (2) of Plaintiff's prior cases were dismissed for reasons constituting a "strike".

Case No. 3:20cv35-MCR-HTC

The Court may take judicial notice that at the time Belton filed his complaint in this case, January 6, 2020, he had filed under his name and Florida Department of Corrections registration number, 387566, at least three (3) cases which he failed to disclose to the Court:

- *Belton v. Singletary, et al.*, 8:97cv2190 (M.D. Fla.) (habeas petition dismissed on 6/30/00 because Belton's first ground for relief was procedurally barred and foreclosed by a previous stipulation, and he failed to show the requisite prejudice or deficient performance to establish his second ground))

- *Belton v. Bondi, et al.*, 5:17cv293 (N.D. Fla.) (1983 action dismissed on 4/20/18 for failure to comply with an order of the Court and failure to prosecute)

- *Belton v. Pereira, et al.*, 0:18stp15260 (11th Cir.) (appeal, from 1983 action, dismissed on 2/26/19 for failure to prosecute)

Belton did not disclose these prior federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters such as this pending before it, and Belton's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Belton falsely responded to questions on the complaint form, as detailed above. Belton knew from reading the complaint form that disclosure of all prior

Case No. 3:20cv35-MCR-HTC

civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[2] (ECF Doc 1 at 3). If Belton suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Belton's false responses to go unpunished. An appropriate sanction for Belton's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED pursuant to § 1915(e)(2)(B)(i) and (ii), for failing to state a cause of action and as maliciously filed.

---

[2] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 3:20cv35-MCR-HTC

2.       That the clerk be directed to close the file.

DONE AND ORDERED this 24th day of January, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.